UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPUS SOUTH CORPORATION, et al.,[1] | Case No. 09-11390 (MFW) |
| Debtors. | Jointly Administered  Re: 10 |

### ORDER (1) APPROVING SALE OF CERTAIN ASSETS OF THE DEBTOR ALTAIRE VILLAGE, L.L.C. FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), (f), AND (m); (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 365; AND (3) GRANTING RELATED RELIEF

Altaire Village, L.L.C. (the "**Debtor**"), one of the above-captioned debtors and debtors-in-possession filed a motion (the "**Motion**")[2] on April 22, 2009, as Docket No. 10 in these cases, requesting entry of an order (a) approving, in accordance with the terms of the APA (as defined below), the sale of the Purchased Assets, whether individually or as part of one or more packages (the "**Sale**"), to National City Bank, a National Banking Association ("**Lender**") or its assignee, Capstone Realty, Inc. an Ohio corporation (together with the Lender, the "**Purchaser**"), at an auction free and clear of all liens, claims, encumbrances, and other interests pursuant Sections 105, 363(b), (f), and (m) of the Bankruptcy Code, (b) authorizing the assumption and assignment of the Assigned Contracts pursuant to Sections 363 and 365 of the Bankruptcy Code, (c) approving the Bidding Procedures in advance of the proposed Auction, and (d) granting related

---

[1] The Debtors are the following entities: Opus South Corporation; Opus South Contractors, L.L.C.; Altaire Village, L.L.C.; Clearwater Bluff, L.L.C.; Calm Waters, L.L.C.; Waters Edge One, L.L.C.; Laguna Riviera Ventures, L.L.C.; 400 Beach Drive, L.L.C.; Shoppes of Four Corners, L.L.C.; and 8th & 14th, L.L.C.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the APA, as applicable.

relief as the Court shall deem just and proper. An order on the Motion in connection with approval of the Bidding Procedures and Bid Protections was entered by the Court on May 21, 2009, as Docket No. 186 (the "**Procedures Order**"). The Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court on July 2, 2009 (the "**Hearing**"), finds and concludes that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given; and (d) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and that the relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor and parties-in-interest; and upon the record of the Hearing; it is now

HEREBY FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. Proper, timely, adequate and sufficient notice of the Motion, the Auction, and the Hearing has been provided in accordance with Sections 102(1), 363(b) and 365(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the local rules of this Court, and the Procedures Order. The Debtor has given due and proper notice of the Sale, and the assumption and assignment of and Cure Amounts for each of the Assigned Contracts to be assigned and assumed under the Asset Purchase Agreement by and between Debtor and Purchaser ("APA") (a copy of which is attached as Exhibit "A") to each Contract Party. No other or further notice of the Motion, the Auction, the Hearing, the Sale, Cure Amounts and the assumption and assignment of the Assigned Contracts, or of the entry of this Order is necessary.

2

C. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities as outlined in the Motion and Procedures Order. A reasonable opportunity to object or be heard regarding the Cure Amounts associated with each Assigned Contract pursuant to Section 365(f)(2) of the Bankruptcy Code has been afforded to each Contract Party.

D. The Debtor has demonstrated a sufficient basis and the existence of exigent circumstances requiring it to sell and assign the Purchased Assets under Sections 363 and 365 of the Bankruptcy Code and such action is an appropriate exercise of the Debtor's business judgment. Approval of the Motion and the APA and the consummation of the transactions contemplated thereby are in the best interests of the Debtor, its creditors, and its estate.

**Jurisdiction and Statutory Predicates**

E. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is core pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (O). Venue is proper in this district and in this Court pursuant to 28 U.S.C. § 1408.

F. The statutory predicates for the relief sought in the Motion are Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006. The proposed Sale constitutes a sale of property of the estate outside the ordinary course of business within the meaning of Section 363(b) of the Bankruptcy Code.

**Good Faith of Purchaser**

G. The Purchaser has allowed the Debtor to use cash collateral as defined in Section 363(a). The Purchaser filed a Statement of Claim as a prerequisite to the sale. The Debtor objected to the Purchaser's inclusion in the Statement of Claim of $28,000 in fees and post-petition interest and fees. The parties are resolving the objection by agreeing to reduce the claim by the amount of the objection. The Purchaser is purchasing the Purchased Assets in good faith and is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and, therefore, is entitled to the protection of that provision, and otherwise has proceeded in good faith in all respects in that: (i) the Purchaser recognized that the Debtor was free to deal with any

3

other party interested in acquiring the Purchased Assets; (ii) the Purchaser complied with the material provisions in the Procedures Order; (iii) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed; (iv) the APA was negotiated and entered into in good faith, based upon arm's length negotiations, and without collusion; (v) the Purchaser has not otherwise violated Section 363(n) of the Bankruptcy Code by any action or inaction; and (vi) the negotiation and execution of the APA and any other agreements or instruments related thereto were in good faith.

H. The terms and conditions of the APA, including the total consideration to be realized by the Debtor pursuant to the APA, are fair and reasonable, and the transactions contemplated by the APA are in the best interest of the Debtor's estate. The consideration to be realized by the Debtor pursuant to the APA represents a fair and reasonable offer under the circumstances of this Chapter 11 case.

**Highest or Best Offer**

I. The Debtor convened and concluded the Auction in accordance with and has otherwise complied in all material respects with the Procedures Order. The Auction process set forth in the Procedures Order afforded a full, fair and reasonable opportunity for any person or entity to make an initial offer and then a higher or otherwise better offer to purchase the Purchased Assets. The Auction was duly noticed and convened, and the Purchaser's offer was determined to be the highest offer.

J. The Debtor's determination that the Purchaser's APA constitutes the highest offer for the Purchased Assets constitutes a valid and sound exercise of the Debtor's business judgment.

K. The Debtor has demonstrated compelling circumstances and good, sufficient, and sound business purpose and justification for the Sale prior to, and outside of, a plan.

L. The Debtor has full corporate power and authority to execute and deliver the APA and all other documents contemplated thereby, and no further consents or approvals are required

4

for the Debtor to consummate the transactions contemplated by the APA, except as otherwise set forth in the APA.

**Successor Liability**

M. The Purchaser does not constitute a successor to the Debtor or its estate.

N. The Sale does not amount to a consolidation, merger or de facto merger of the Purchaser and the Debtor.

**Assumption and Assignment of Executory Contracts and Unexpired Leases**

O. Subject to, and at the time of, the Closing, the Debtor is authorized to assume the Assigned Contracts and assign each of them to the Purchaser pursuant to Sections 363 and 365 of the Bankruptcy Code and this Order, notwithstanding any anti-assignment clause or other provision in any of the Assigned Contracts granting rights or privileges personal to the Debtor or otherwise tending to limit the Purchaser's use, enjoyment or benefit of the full panoply of rights and privileges under each Assigned Contract as provided in Section 365(f) of the Bankruptcy Code. The assumption and assignment of the Assigned Contracts pursuant to the terms of this Order is integral to the APA and is in the best interests of the Debtor and its estate, creditors and other parties-in-interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor.

P. The Cure Notice was served upon each Assigned Contract party and the Cure Amounts set forth therein (as such amounts may have been subsequently modified) are the sole amounts necessary under Sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Assigned Contracts. In accordance with the APA, the Purchaser shall pay the Cure Amounts for each of the Assigned Contracts in the amounts set forth in the Cure Notice.

Q. The Purchaser has provided evidence of adequate assurance of the Purchaser's future performance under each of the Assigned Contracts to the Contract Parties within the meaning of Sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

5

### Section 363 Sale Free and Clear of Interests

R. The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full. Therefore, the Debtor may sell the Purchased Assets free and clear of any liens, claims, encumbrances, and other interests (collectively, "**Interests**") in the Purchased Assets pursuant to Section 363(f) of the Bankruptcy Code (other than Assumed Liabilities, as defined in the APA).

S. With respect to any and all entities and persons asserting any Interests in and to the Purchased Assets (including those of any taxing authorities or other Government Authorities), either (i) such person or entity has consented to the Sale and transfer of the Purchased Assets free and clear of such Interest, (ii) applicable nonbankruptcy law permits the Sale of the Purchased Assets free and clear of such Interest, (iii) such Interest is in bona fide dispute, or (iv) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest.

T. The Purchased Assets do not include the Excluded Assets, as defined in the APA. The Excluded Assets shall remain subject to existing Interests, if any.

U. The Purchaser is only assuming the Assumed Liabilities, as explicitly set forth in the APA, and is not assuming any obligations other than the Assumed Liabilities.

V. By this Order, the Debtor, subject to the occurrence of the Closing under the APA, is authorized to assume and assign to the Purchaser only the Assigned Contracts and is not assigning and assuming any executory contracts or leases other than the Assigned Contracts.

W. Given all of the circumstances of the Debtor's Chapter 11 case and the adequacy and fair value of the consideration under the APA, the proposed Sale of the Purchased Assets to the Purchaser under the APA constitutes a reasonable and fair exchange of consideration for the Purchased Assets.

### Miscellaneous

X. All findings of fact and conclusions of law announced by the Court at the Hearing are hereby incorporated herein.

Y. The Debtor has complied with Local Rule 6004-1.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

6

1. The relief requested in the Motion is GRANTED with respect to the Sale of the Purchased Assets to the Purchaser as set forth herein and in the APA and with respect to the assumption and assignment of the Assigned Contracts, as modified by the terms of this Order, and to the extent not previously approved pursuant to the Procedures Order.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, satisfied or settled (either by announcement to the Court at the Hearing and/or by stipulation filed with the Court), and all reservations of rights included in such objections are hereby overruled and denied on the merits to the extent such objections or reservations have not been otherwise expressly reserved or adequately provided for in this Order.

3. The APA is hereby approved in all respects, and is deemed in full force and effect, binding and benefiting the Debtor and the Purchaser. The APA includes a provision granting the Debtor reasonable access to its books and records after the Closing to be able to administer its case.

4. The Debtor is authorized, empowered and directed pursuant to Sections 105, 363 and 365 of the Bankruptcy Code to execute and deliver to the Purchaser the APA and the other agreements referenced therein, and to implement and consummate all of the transactions and perform all obligations set forth in the APA, including without limitation, to sell and transfer the Purchased Assets to the Purchaser and to assume and assign to the Purchaser the Assigned Contracts, all on the terms of the APA, for the Purchase Price and other consideration set forth therein, and determined in accordance with the APA. The Debtor is authorized to pay the Purchaser all cash collateral remaining in the estate.

5. Upon the Closing, the Purchaser shall take title to and possession of the Purchased Assets free and clear of all Interests, excepting and subject only to the Permitted Encumbrances. Pursuant to Section 363(f) of the Bankruptcy Code and the APA, with the exception of such Permitted Encumbrances and Assumed Liabilities, the transfer of title to the Purchased Assets and the Assigned Contracts shall be free and clear of any Interest in or against the Purchased Asset and Assigned Contracts. All Interests shall attach solely to the proceeds, if any, of the Sale

7

with the same extent, validity (or invalidity), priority and perfection as if they attached to the Purchased Assets immediately prior to the Closing.

6. This Order shall be binding in all respects upon the Debtor, its estates, all creditors of, and holders of equity interests in, the Debtor (whether known or unknown), any holders of Interests in the Purchased Assets, all Assigned Contract Parties, the Purchaser, all successors and assigns of the Purchaser, the Purchased Assets and any trustees subsequently appointed in the Debtor's Chapter 11 case or upon a conversion to Chapter 7 under the Bankruptcy Code of the Debtor's case. This Order and the APA shall inure to the benefit of the Debtor, its estate, its creditors, the Purchaser, and their respective successors and assigns.

7. All entities that are in possession of some or all of the Purchased Assets on the Closing are directed to surrender possession of such Purchased Assets to the Purchaser or its assignee at the Closing.

8. Except for the Assumed Liabilities as otherwise expressly provided for in this Order or the APA, the Purchaser shall not have any liability or responsibility for any liability or other obligation of the Debtor, including without limitation, arising under or related to the Purchased Assets and Assigned Contracts for any period of time prior to the Closing Date. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the APA, the Purchaser shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing, whether relating to or arising out of the Excluded Assets or the Purchased Assets or otherwise, other than the Assumed Liabilities.

9. Subject to the occurrence of, and at the time of, the Closing, the Debtor is authorized to assume and assign each Assigned Contract to the Purchaser free and clear of all Interests. The payment of such Cure Amounts (if any) shall (a) effect a cure of all defaults existing thereunder as of the Closing Date, (b) compensate for any actual pecuniary loss to such Assigned Contract Party resulting from such defaults, and (c) together with the assumption and

8

DAL 77,491,090v6
131832.01404/21799028v.2

assignment of the Assigned Contracts by the Purchaser, constitute adequate assurance of future performance thereof. At Closing, the Purchaser shall then have assumed the Assigned Contracts and, pursuant to Sections 363, 365(f), and 365(k) of the Bankruptcy Code, the assignment by the Debtors of such Assigned Contracts shall not be a default thereunder. Upon such assumption and assignment, the Debtors shall not have any further liabilities to the Assigned Contract Parties, and the only liabilities that the Purchaser shall have with respect to the Assigned Contracts shall be payment of the Cure Amounts and the Purchaser's obligations under the Assigned Contracts that accrue on or after the Closing Date, or otherwise pursuant to the Assumed Liabilities.

10. Any provisions in any Assigned Contract that prohibit or condition the assignment of such Assigned Contract or allow the Assigned Contract Party to such Assigned Contract to terminate, recapture, impose any penalty, condition a renewal or extension, or modify or limit any term or condition upon the assignment of such Assigned Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and conditions under Sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Purchaser of the Assigned Contracts have been satisfied. Upon the Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all rights, title, privilege and interest of the Debtor under the Assigned Contracts.

11. Upon the Closing, the Purchaser shall be deemed to be substituted for Debtor as a party to the Assigned Contracts and the Debtor shall be relieved from all liability on such Assigned Contracts, including all Cure Amounts.

12. The Purchaser has provided adequate assurance of its future performance under the Assigned Contracts within the meaning of Sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code, and shall pay all Cure Amounts.

13. Pursuant to Sections 105, 363 and 365 of the Bankruptcy Code, and other than the Cure Amounts, all parties to the Assigned Contracts are forever barred and enjoined from raising

9

or asserting against Purchaser or the Purchased Assets any assignment fee, default, breach, or claim or pecuniary loss, or condition to assignment, arising under or related to the Assigned Contracts existing as of the Closing or arising by reason of the Closing, except with respect to amounts that are Assumed Liabilities being assumed by the Purchaser under the APA.

14. Pursuant to Sections 105 and 363 of the Bankruptcy Code, any and all creditors of the Debtor shall be barred, estopped and enjoined from taking any action of any kind against Purchaser and its Affiliates or the Purchased Assets on account of any claim against the Debtor, or any Purchased Asset arising prior to the Closing Date under the APA, other than with respect to the Assumed Liabilities.

15. Purchaser is not a successor to the Debtor or its estate by reason of any theory of law or equity and Purchaser shall not assume or in any way be responsible for any liability or obligation of the Debtor and/or its estate, except as otherwise expressly provided in the APA and related documents.

16. The Purchaser is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of Section 363(m) of the Bankruptcy Code.

17. The sale approved by this Order is not subject to avoidance pursuant to Section 363(n) of the Bankruptcy Code.

18. Pursuant to Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), this Order shall be effective immediately upon entry and the Debtor is authorized to close the Sale immediately upon entry of this Order.

19. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens and other Interests of record against or in the Purchased Assets has not delivered to the Debtor or the Purchaser prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all Liens and other Interests that the person or entity has with respect to the Purchased Assets, then, upon Closing, (a) the Purchaser is hereby

authorized to execute and file such statements, instruments, releases and other documents on behalf of the Purchaser with respect to the Purchased Assets, and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens and other Interests against or in the Purchased Assets except the Permitted Encumbrances and Assumed Liabilities.

20. The automatic stay provisions of Section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the APA and the provisions of this Order.

21. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

22. The failure specifically to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety.

23. The Debtor is hereby authorized to take all such actions and execute any agreements that shall be necessary to consummate and give effect to the APA without further order of the Court.

24. The APA and any related agreements, documents, or other instruments may be amended by the parties in a writing signed by such parties without further order of the Court at any time prior to Closing, provided that: (a) any such amendment does not have a material adverse effect on the Debtor or the Debtor's estate; and (b) notice of such amendment shall be provided to counsel to any Official Committee of Unsecured Creditors appointed in this case and counsel to the Debtor's main prepetition lenders.

25. This Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the APA, all modifications thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith or which has been assigned or sold by the Debtor to the Purchaser, and to adjudicate, if

11

DAL 77,491,090v6
131832.01404/21799028v.2

necessary, any and all disputes concerning or relating in any way to the Sale, the APA (and all agreements and instruments related thereto), and the assumption and assignment of the Assigned Contracts.

27. ~~26.~~ To the extent that any provisions of this Order shall be inconsistent with the provisions in the APA, any prior order, or any pleading with respect to the motions in these cases, the terms of this Order shall control.

Dated: July 2, 2009

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

26. The Qualified Bidder who is the Back-Up Bidder for the Altaire Village, L.L.C. property pursuant to the Procedures Order is Joseph Ravenhurst having an address at PO Box 1508, Boca Raton, FL 33429. The amount of the Back-Up Bid is $800,000.

12