# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OPUS SOUTH CORPORATION, *et al.*,[1] | Case No. 09-11390 (MFW) |
| Debtors. | Jointly Administered |
| | Ref: Docket No. 10 |

## ORDER (1) APPROVING BIDDING PROCEDURES FOR CERTAIN REAL PROPERTY IN GREENSBORO, NC AND RELATED ASSETS OWNED BY OPUS SOUTH CORPORATION, IN ADVANCE OF AUCTION, (2) APPROVING FORM AND MANNER OF NOTICE OF PROPOSED CURE AMOUNTS, AUCTION AND FINAL HEARING AND (3) GRANTING RELATED RELIEF

Upon the motion (the "Motion") filed by the above-captioned debtors and debtors-in-possession requesting entry of an order pursuant to Sections 105, 363(b), (f) and (m), and 365 of the Bankruptcy Code,[2] and Bankruptcy Rules 2002, 6004 and 6006, for, *inter alia*, entry of an order (the "Procedures Order"): (1) approving proposed Bidding Procedures (as defined below) related to the disposition of the real property commonly known as 3805 N. Elm St. in Greensboro, North Carolina and related assets (the "Purchased Assets") owned by Opus South Corporation (the "Debtor"); (2) approving the form, extent and manner of notice of the proposed Cure Amounts, Auction and Final Hearing (each as defined below); and (3) granting related relief; and the Court, having reviewed the Motion and the objections thereto and having heard the statements of counsel and considered the evidence presented at a hearing before the Court on the Motion,

**THE COURT FINDS AND CONCLUDES AS FOLLOWS:**

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Opus South Corporation (4928); Opus South Contractors, L.L.C. (1657); Altaire Village, L.L.C. (8521); Clearwater Bluff, L.L.C. (1608); Calm Waters, L.L.C. (7875); Waters Edge One, L.L.C. (3936); Laguna Riviera Ventures, L.L.C. (7950); 400 Beach Drive, L.L.C. (0489); Shoppes of Four Corners, L.L.C. (7932); and 8th & 14th, L.L.C. (0119). The mailing address for each debtor is 10350 Bren Road W, Minnetonka, Minnesota 55343.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The debtors in this case filed the Motion on April 22, 2009, proposing to sell the Purchased Assets to one or more purchasers, whether individually or as one or more packages, and approval of the Bidding Procedures related to the proposed Transactions.

C. The statutory and legal predicates for the relief sought in the Motion are Sections 105, 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

D. The Debtor has articulated good and sufficient reasons for approving the Bidding Procedures and the form and manner of notice of the proposed Cure Amounts, Auction, and the final hearing thereon.

E. The Bidding Procedures are reasonable, appropriate and represent the best method for maximizing the return for the Purchased Assets.

F. The relief granted herein is in the best interests of the Debtor, its estate, creditors and other parties-in-interest.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtor is authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements of this Procedures Order.

3. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Procedures Order.

4. Notice of the Procedures Order, Auction, Final Hearing and the proposed assumption and assignment of the Assigned Contracts (as defined in the Motion) to a purchaser, pursuant to a Modified APA, shall be good and sufficient, and no other or further notice shall be required, if given as follows:

(a) <u>Notice of Auction and Final Hearing</u>. As soon as practicable after the Court's entry of this Procedures Order, the Debtor (or its agents) shall serve a copy of the form of sale notice attached hereto as "Exhibit A", which form of notice is hereby approved, by first-class United States mail, postage pre-paid, upon (i) the Office of the United States Trustee, (ii) any persons who have entered an appearance in the case or otherwise requested notice, (iii) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets during the past twelve months (12) months, (iv) all entities known to have a present interest in the Purchased Assets; (v) all federal, state and local regulatory or taxing authorities or recording offices which have a known interest in the relief requested by the Motion; (vi) all parties to executory contracts; (vii) all secured creditors of the Debtor; (viii) all known unsecured creditors of the Debtor; (ix) counsel for any committee(s) formed pursuant to Section 1102 of the Bankruptcy Code (if any hereafter is formed); (x) all persons or entities entitled to receive notice pursuant to the Bankruptcy Rules, the Local Rules of the Court or other applicable law; and (xi) all other entities identified on the Debtor's Official Service List.

(b) <u>Cure Notice</u>. On or before September 16, 2009, the Debtor shall serve by first-class United States Mail, postage pre-paid, on all non-debtor parties to the Assigned Contracts a copy of the Cure Notice, a form of which is attached hereto as "Exhibit B", which form of notice is hereby approved, of (i) the Debtor's intent to assume and assign

that party's Assigned Contract, and (ii) the proposed cure amount (the "Cure Amount") that the Debtor proposes as necessary to assume such Assigned Contract. Each non-debtor party to an Assigned Contract shall have until **September 30, 2009, at 4:00 p.m. (Prevailing Delaware Time)** to object to the assumption and assignment of such Assigned Contract or the Cure Amount and, if objecting to the Cure Amount, must state in its objection with specificity what Cure Amount the non-debtor party believes is required (with appropriate documentation in support thereof). Any objection to the Cure Amounts which is timely filed and served by any Contract Parties in accordance with the Cure Notice, and which is not otherwise resolved by the parties, shall be heard by the Court at the Final Hearing. If no objection is timely received, the Assigned Contract may be assumed and assigned to any purchaser on the closing date of the applicable Transaction, and the Cure Amount set forth in the Assumption Notice shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document, and the non-debtor party to the Assigned Contract shall be forever barred from asserting any other claims against the Debtor, any purchaser, or their property that arise out of or relate to the Assigned Contract, the Purchased Assets, or the Transaction.

5. Any final agreement purporting to memorialize an agreement for the disposition of the Purchased Assets by and between the Debtor and the applicable purchaser, as the case may be, shall be substantially in the form of the APA attached hereto as "Exhibit C" and shall be substantially consistent with the terms and conditions thereof.

6. The Debtor is authorized to reject any bid or offer that, in the Debtor's sole discretion, is not in conformity with the terms and conditions of the APA.

7. The Court hereby approves the following bidding procedures (the "Bidding Procedures") which shall govern all proceedings relating to the APA and any subsequent bids for the Purchased Assets in this case:

    a. **Potential Bidder**. Parties interested in participating in the bidding process (a "Potential Bidder") will be required to deliver to the Debtor (to the extent not already delivered) the following:

        i. An executed confidentiality agreement in form and substance acceptable to the Debtor; and

        ii. The most current audited (if available) and the latest unaudited financial statements as well as financial information evidencing the Potential Bidder's ability to close the transaction that meets with the Debtor's satisfaction.

    As promptly as practicable after a Potential Bidder delivers the above information, the Potential Bidder shall be eligible to commence due diligence with respect to the assets as defined in the APA. The Debtor reserves the right to refuse any Potential Bidder access to the due diligence materials if such access is deemed to be harmful to the Debtor's estates.

    b. **Deadline for Submission of Bids**. The deadline for submitting any and all competing bids shall be on or before **September 28, 2009, at 5:00 p.m. (Prevailing Delaware Time)** (the "Bid Deadline").

    c. **Submission of Bids**. In order to qualify as a potential Qualified Bidder (as defined below) of any Purchased Assets, a Potential Bidder must timely submit a written bid (a "Qualified Bid") for a portion or all of the Purchased Assets that:

        i. Contains an executed asset purchase agreement in substantially the same form as attached hereto as "Exhibit C", with all modifications thereto, wherein the Potential Bidder proposes:

            1. Which of the Purchased Assets the Potential Bidder seeks to acquire; and

            2. Which of the Debtor's executory contracts and unexpired leases such bidder seeks to assume and the proposed terms of cure (a "Modified APA").

        ii. The Modified APA shall be accompanied by a blacklined copy of the Modified APA showing all changes made to the APA.

        iii. The Modified APA shall not contain:

1. A request for any type of expense reimbursement or similar type of payment; or

2. Any due diligence, financing contingencies or other contingency of any kind.

iv. Evidence of authorization and approval from such Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA.

v. Information regarding such Potential Bidder's financial capability to consummate the transactions contemplated by the Modified APA containing such financial and other information that will allow the Debtor to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation:

1. The most current audited (if available) and latest unaudited financial statements (the "Financial Information") of such Potential Bidder; or

2. If the Potential Bidder is an entity formed for the purpose of acquiring Purchased Assets then:

   A. The Financial Information of the equity holder(s) of the Potential Bidder or such other form of financial disclosure acceptable to the Debtor; and

   B. The written commitment of such equity holder(s) to be responsible for the Potential Bidder's obligations in connection with the acquisition of Purchased Assets.

vi. Discloses fully the identity of each entity that will be bidding for Purchased Assets or otherwise participating in connection with such Qualified Bid, and the complete terms of any such participation.

vii. Discloses fully the terms of the proposed employment of any of Debtor's employees, management or officers in connection with such bid.

viii. Is accompanied by a cash deposit in an amount equal to 10% of the total purchase price set forth in the Modified APA (a "Deposit").

ix. Is delivered to Debtor's counsel such that they are received by the

close of business on the Bid Deadline by the following: (1) Victoria Watson Counihan, Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801; and (2) Matthew Gensburg, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601 (collectively, the "Notice Parties").

    x.    Permits the Debtor, pursuant to the local rules of the Court, to maintain reasonable access to its books and records following the closing of any sale of the Purchased Assets, as necessary for the administration of its bankruptcy case and estate.

d. **Qualification of Bid.** After a Potential Bidder has delivered a bid, the Debtor will determine whether such Potential Bidder is a "Qualified Bidder" and such bid is a "Qualified Bid." Promptly after making such determination, the Debtor will advise such bidder of this determination. The Debtor reserves the right to reject any bid.

e. **Auction**. The Debtor will conduct an auction to determine the highest or best bid for the Purchased Assets beginning at **10:00 a.m. (Prevailing Delaware Time) on October 1, 2009, at the law offices of Greenberg Traurig, LLP located at The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801** (the "Auction"). The Auction may be adjourned by announcement of the adjournment at the Auction to those parties who appear at the Auction. Each Qualified Bid other than the opening bid is referred to as a "Subsequent Bid." At the conclusion of the Auction, or as soon thereafter as practicable, the Debtor shall: (i) review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the process, including those factors affecting the speed and certainty of consummating the Transactions; (ii) identify the highest or otherwise best offer(s) for each Purchased Asset received at the Auction (the "Highest Bid" and the bidder(s) making such bid, the "Highest Bidder"); and (iii) designate any Back-Up Bidders (as defined below).

f. **Auction Procedures**. The Auction will be conducted as follows:

    i.    The Auction will be conducted openly and all of the Debtors' creditors will be permitted to attend.

    ii.    At least one (1) business day prior to the Auction, each Qualified Bidder who has submitted timely a Qualified Bid must inform the Debtor whether it intends to participate in the Auction. Failure to comply with this provision may preclude an otherwise Qualified Bidder from attending and/or participating in the Auction. As soon as is practicable before the Auction, the Debtor must provide copies of the Qualified Bid the Debtor believes is the highest or

otherwise best offer to all Qualified Bidders who are eligible to attend and participate in the Auction.

iii. All Qualified Bidders who have submitted a Qualified Bid shall be entitled to be present for all Subsequent Bids with the understanding that the true identity of each bidder shall be fully disclosed to all other bidders and that all material terms of each Subsequent Bids will be fully disclosed to all other bidders throughout the entire Auction.

iv. All Qualified Bidders who have submitted a Qualified Bid shall agree to remain ready, willing and able to close a Transaction with respect to the Purchased Assets under the terms of their last Qualified Bid submitted at or prior to such Auction with respect to the Purchased Assets as the back-up bidder (the "Back-Up Bidder" and such last bid, the "Back-Up Bid") until the earlier of (1) the close of the Transaction with respect to the Purchased Assets, or (2) October 22, 2009, and shall close if the Highest Bidder fails to close, if, as and when determined by the Debtor to be the new Highest Bidder.

v. The Debtor may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, the amount of time allotted to make Subsequent Bids) for conducting the Auction, provided that such rules are not inconsistent with these Bidding Procedures, the Bankruptcy Code or any order entered in connection herewith.

vi. Bidding at the Auction shall begin with the highest or otherwise best Qualified Bid. The bidding shall be in minimum increments to be set by the Debtor at the Auction. The Auction shall also continue in one or more rounds of bidding and shall conclude after each participating bidder has had the opportunity to submit one or more additional Subsequent Bids with full knowledge and written confirmation of the then-existing highest bid or bids.

vii. Each Qualified Bidder participating in the Auction shall confirm in writing at the Auction that it is not engaged in any collusion with respect to the bidding or sale.

viii. Bidding at the Auction will be transcribed or videotaped.

g. **Final Hearing**. A hearing to approve the Transactions (the "Final Hearing") will be held on **October 7, 2009, at 10:30 a.m. (Prevailing Delaware Time)**. All objections to any Transaction, other than specifically with respect to Cure Notices, shall be filed with the Bankruptcy Court and served on the Notice Parties on or before

**September 30, 2009 at 5:00 p.m. (Prevailing Delaware Time)** (the "Objection Deadline"). The Highest Bidder(s) and any Back-Up Bidder(s) must produce a competent witness at the Final Hearing (and any subsequent hearing) to provide testimony, if necessary, to establish adequate assurance of future performance by each such bidder under the unexpired leases and executory contracts to be assigned to such bidder, to the extent required by Sections 365(b) of the Bankruptcy Code. At the Final Hearing, the Debtor will request that the Court approve each Transaction with regard to the Back-Up Bidder in the event the contemplated Transaction with the Highest Bidder does not timely close; in which case such Back-Up Bidder shall become the Highest Bidder without further order of the Court.

h. **Closing.** Any closing of a Transaction shall take place on or before **October 16, 2009**, except upon the waiver of this requirement by the Debtor.

i. **Return of Deposits.** The Deposits of all Qualified Bidders (except for the Highest Bidder) shall be held in an interest-bearing escrow account. Notwithstanding the foregoing, any Deposit, if any, submitted by the Highest Bidder, together with interest accrued thereon, shall be applied against the payment of the Purchase Price upon closing of the Transaction with the Highest Bidder. Except as otherwise provided in a Modified APA and herein, all Deposits (together with interest accrued thereon) shall be returned to each Qualified Bidder not selected by the Debtor as either the Highest Bidder or the Back-Up Bidder within five (5) business days of the adjournment of the Auction. The Deposit of the Back-Up Bidder, to the extent not designated as the Highest Bidder, shall be returned to the Back-Up Bidder within five (5) business days of the date of closing the Transaction with respect to the related Purchased Property.

8. The failure of any objecting person or entity to timely file and serve its objection to the Motion, the Transactions or the Debtor's consummation and performance of any Modified APA, including the assumption and assignment of certain executory contracts, on or before the Objection Deadline shall be a bar to the assertion, at the Final Hearing or thereafter, of any objection to the Motion, the Auction, the Transactions or the Debtor's consummation and performance of any Modified APA, including the assumption and assignment of certain executory contracts, if authorized by the Court.

9

9. The Debtor (a) shall determine, in its business judgment, which Qualified Bid is the Highest Bid, after considering, among other things, the total consideration to be received by the Debtor's estate with respect to any Purchased Asset after taking into account the payment of liabilities to be assumed by each bidder, (b) at the conclusion of the Auction, shall announce its determination as to the Highest Bidder submitting the Successful Bid with respect to any Purchased Assets, and (c) may reject, at any time before entry of a final order granting the relief sought in the Motion, any bid that, in the Debtor's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the APA, or (iii) contrary to the best interest of the Debtor, its estate, and/or its creditors.

10. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: Sept. 9, 2009

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE