UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OPUS SOUTH CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11390 (MFW)<br><br>Jointly Administered<br><br>Objections due: January 19, 2010 at 4:00 p.m.<br>Hearing date: January 25, 2010 at 3:00 p.m. |

### DEBTOR CLEARWATER BLUFF, L.L.C.'S MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE

Clearwater Bluff, L.L.C., a debtor and debtor-in-possession in the above captioned bankruptcy case (the "Debtor"), hereby moves this Court (the "Motion"), pursuant to Section 1112(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 1017(f)(2) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (a) converting its case from Chapter 11 of the Bankruptcy Code to Chapter 7 of the Bankruptcy Code, (b) fixing a date for the filing of final applications for compensation and reimbursement of expenses of the Chapter 11 professionals, and (c) setting a hearing for final approval of such fee applications. By this Motion, the Debtor proposes that its case be converted to Chapter 7, effective as of the date of entry of the order converting the case from Chapter 11 of the Bankruptcy Code to Chapter 7 of the Bankruptcy Code. In support of this Motion, the Debtor respectfully represents as follows:

I.

### STATUS OF THE CASES AND JURISDICTION

1. On April 22, 2009 (the "Petition Date"), the Debtor commenced its case by filing a voluntary petition for relief under Chapter 11 the Bankruptcy Code. The Debtor is operating

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are: Opus South Corporation (4928); Clearwater Bluff, L.L.C. (1608); Waters Edge One, L.L.C. (3936); and 400 Beach Drive, L.L.C. (0489). The mailing address for each debtor is 10350 Bren Road W, Minnetonka, Minnesota 55343.

and managing its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not been appointed in its case.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein are Sections 1112(a) of the Bankruptcy Code, and Rules 1017(f)(2) and 9013 of the Bankruptcy Rules.

## II.

## GENERAL BACKGROUND

5. The Debtor is a Delaware limited liability company formed on or about September 13, 2005, for the purpose of acquiring vacant land located in Clearwater, Florida (the "Property"), for the development of a real estate project. The Debtor is not a borrower under any financing arrangements with any lenders; however, the Property is pledged as collateral on a loan (the "Waters Edge Loan") entered entered into by an affiliated debtor, Waters Edge One, L.L.C. ("Waters Edge").

6. A more detailed factual background of the Debtor's business and operations, as well as the commencement of this Chapter 11 case, is more fully set forth in the *Declaration of Anne Marie Solberg in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief* filed on the Petition Date and incorporated herein by reference.

## III.

## CURRENT STATUS OF THE DEBTOR'S CASE
## AND THE APPROPRIATENESS OF CONVERSION AT THIS POINT

7.  The Debtor began its case hoping to maximize the value of its assets through a Section 363 sale. Prior to the Petition Date, the Debtor's Property was pledged as collateral for a loan to Water's Edge from Wachovia Bank, National Association, Regions Bank, PNC Bank, National Association, as successor to National City Bank and Bank of America, as successor to LaSalle Bank, National Association (collectively, the "Lenders"). The Section 363 sale process contemplated that the Lenders would consent to the sale of the Debtor's Property with a surcharge of the Lenders' collateral to accomplish the sale of the Property.

8.  On the Petition Date, the Debtor and its affiliated debtors filed that certain *Emergency Motion of the Debtors for Orders (1) Approving Sale of Certain Assets of the Debtors Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (2) Authorizing the Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases, (3) Authorizing Surcharge Pursuant to 11 U.S.C. Section 506(c), (4) Approving Bidding Procedures in Advance of Auction, and (5) Granting Related Relief* [Docket No. 10] (the "Bidding Procedures Motion"), pursuant to which the Debtor requested that the Court approve certain bidding and auction procedures to govern the sale of the Debtor's assets.

9.  On September 9, 2009, the Court entered that certain *Order (1) Approving Bidding Procedures in Advance of Auction, (2) Approving Form and Manner of Notice of Proposed Cure Amounts, Auction and Final Hearing and (3) Granting Related Relief* [Docket No. 607] (the "Bidding Procedure Order"), pursuant to which the Court approved certain bidding and auction procedures to govern the sale of the Debtor's assets.

10. The Debtor conducted an auction for the sale of its Property at the offices of Greenberg Traurig, LLP in Wilmington, Delaware on October 1, 2009, in accordance with the Bidding Procedures Order (the "Auction").

11. The Lenders' bid, through an affiliate, was the highest and best offer for the Property at the Auction, which was a credit bid of a portion of the debt owed to the Lenders under the Waters Edge Loan.

12. On October 7, 2009, the Court entered that certain *Order (1) Approving Sale of Certain Assets of the Debtor Clearwater Bluff, L.L.C., Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f) and (m), (2) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code Sections 363 and 365 and (3) Granting Related Relief* [Docket No. 705], pursuant to which the Court approved the sale of substantially all of the Debtor's assets.

13. The Debtor and the affiliate of the Lenders entered into that certain Asset Purchase Agreement (the "Purchase Agreement") and consummated the transactions contemplated thereby on October 16, 2009 (the "Sale").

14. The Sale did not generate any net proceeds for the Debtor's estate and the Debtor does not have sufficient funds to complete a plan of reorganization.

15. Based on the foregoing, the Debtor's board of directors has considered the circumstances in which the Debtor finds itself, and has concluded to convert the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

16. The Debtor (a) is prepared to meet with the Office of the United States Trustee (the "Trustee") to brief the Trustee and any trustee-designate of its choosing on the status of the Debtor's affairs in order to facilitate as orderly a transition to Chapter 7 as is practical under the

circumstances, and (b) will prepare the reports that are contemplated by Federal Rule of Bankruptcy Procedure 1019(5), as well as additional information that will be helpful to a Chapter 7 trustee in administering the Debtor's estate.

## IV.
## **RELIEF REQUESTED**

17. By this Motion, the Debtor respectfully requests that the Court enter an order pursuant to Bankruptcy Code Section 1112(a) converting this case to a case under Chapter 7 of the Bankruptcy Code effective as of the date of entry of the order converting this case to Chapter 7 of the Bankruptcy Code. Additionally, the Debtor respectfully requests that the Court set a deadline for all professionals retained in this case under Bankruptcy Code section 327 to file their final fee applications or requests for compensation on or before thirty (30) days from the entry of an order converting this case to Chapter 7 of the Bankruptcy Code and set a hearing for final approval of these fee applications at the Court's convenience.

18. In addition, the Debtor respectfully requests that the Court enter an order to remove the Debtor from the jointly-administered Case No. 09-11390 and direct that any and all pleadings filed with the Court with respect to the Debtor be filed on the docket for the converted bankruptcy case under Case No. 09-11392.

## V.
## **BASIS FOR RELIEF**

19. Section 1112(a) of the Bankruptcy Code governs the voluntary conversion from Chapter 11 to Chapter 7. Section 1112(a) provides that a debtor may convert a Chapter 11 case to a case under Chapter 7 at any time as of right. Specifically, Section 1112(a) states:

> The debtor may convert a case under this chapter to one under Chapter 7 of this title unless —
>
> (1) the debtor is not a debtor in possession;

5

(2) the case originally was commenced as an involuntary case under this chapter; or

(3) the case was converted to a case under this chapter other than on the debtor's request.

11 U.S.C. § 1112(a).

20. Section 1112(a), therefore, gives a Chapter 11 debtor the right to convert to Chapter 7 unless one of the enumerated exceptions in section 1112(a)(1)-(3) is applicable. See, e.g., In re Dieckhaus Stationers of King of Prussia, Inc., 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987) (Stating that Section 1112(a) "gives a debtor in possession an absolute right to convert, unless the case is governed by one of the enumerated exceptions"); Abbott v. Blackwelder Furniture Co., 33 B.R. 399, 401 (W.D.N.C. 1983) ("Congress provided the Chapter 11 debtor with the absolute right to accomplish voluntary conversion to a Chapter 7 liquidation without Court approval."); see also FED. R. BANKR. P. 1017(f)(1) and 1017(f)(2) (conversion under Section 1112(a) is requested by motion under Rule 9013, but is not to be treated as a contested matter under Rule 9014).

21. In the Debtor's case, none of the enumerated exceptions of Bankruptcy Code Section 1112(a) apply: (1) the Debtor is a debtor-in-possession under Sections 1107 and 1108 of the Bankruptcy Code; (2) this case was commenced by the filing of a voluntary Chapter 11 petition; and (3) this case was not converted to Chapter 11 from another Chapter of the Bankruptcy Code. Thus, the Debtor is entitled, as a matter of right, to convert this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

22. In addition to the legal right to convert this case to Chapter 7, the Debtor believes that it has no feasible alternative but to convert to Chapter 7.

23. Accordingly, the Debtor respectfully requests that the Court enter an order converting this case from Chapter 11 to Chapter 7.

24. Additionally, in order to aid in the administration of this case and the prompt liquidation of Chapter 11 administrative expenses, the Debtor respectfully requests that the Court set a deadline for all professionals retained in this case under Section 327 of the Bankruptcy Code to file their final fee applications or requests for compensation on or before thirty (30) days from the entry of an order converting this case to Chapter 7 of the Bankruptcy Code and set a hearing for final approval of these fee applications at the Court's convenience.

## VI.

## NOTICE

25. The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee; (b) counsel to the Debtor's pre-petition and post-petition secured lenders; (c) the Debtor's consolidated forty (40) largest unsecured creditors as set forth in the list filed with the Debtor's petitions; (d) the Office of the United States Attorney General for the District of Delaware; (e) the Internal Revenue Service; and (f) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

## VII.

## NO PRIOR REQUEST

26. No previous request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an order substantially in the form annexed hereto converting this case from Chapter 11 to Chapter 7 of the Bankruptcy Code, effective as of the date of entry of such order, (b) set a deadline for the filing of final Chapter 11 fee applications, and (c) set a hearing for consideration of final Chapter 11 fee applications.

Dated: January 4, 2010

GREENBERG TRAURIG, LLP

By: *Victoria W. Counihan*
Victoria W. Counihan (DE Bar No. 3488)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: counihanv@gtlaw.com

-and-

Bryan L. Elwood
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-5941
Email: elwoodb@gtlaw.com

Counsel for the Debtor and
Debtor-in-Possession